IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 10-cv-00212-CMA-CBS

DISH NETWORK L.L.C., f/k/a
ECHOSTAR SATELLITE L.L.C.,

    Plaintiff,

v.

JBS DISH, INC.,

    Defendant.

---

**ORDER CONFIRMING ARBITRATION AWARD**

---

This matter is before the Court on Plaintiff Dish Network L.L.C.'s Application to Confirm Arbitration Award, which was filed on February 1, 2010, pursuant to Sections 9 and 13 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.* (Doc. # 1.) A copy of the Application was served on Defendant JBS Dish, Inc. on April 16, 2010. (Doc. # 5 at 2, Executed Summons.) Although the Summons directed Defendant to respond to the Application within 21 days of service, Defendant has not done so. For the following reasons, Plaintiff's Application is granted.

## I. BACKGROUND

This matter concerns alleged breaches of a Retailer Agreement between Plaintiff and Defendant, through which Defendant was an authorized, non-exclusive retailer of Plaintiff's programming and satellite equipment.

The Retailer Agreement contained an arbitration provision, which stated, in pertinent part,

> . . . any and all disputes, controversies or claims between [Defendant] and/or any of its Affiliates, on the one hand, and [Plaintiff] and/or any of its Affiliates, on the other hand, including without limitation any and all disputes, controversies or claims arising out of or in connection with this Agreement, including but not limited to...the parties' relationship with each other or either party's compliance with any Laws, which are not settled through negotiation, the claim process set forth above in Section 15.1, or the mediation process set forth above in Section 15.2, shall be resolved solely and exclusively by binding arbitration [   ] administered by the American Arbitration Association in accordance with both the substantive and procedural laws of Title 9 of the U.S. Code ("Federal Arbitration Act") and the Commercial Arbitration Rules of the American Arbitration Association (the "Commercial Arbitration Rules").

(Doc. #1-2, ¶ 15.3.)

The Retailer Agreement also stated, "The decision of the Arbitrator(s) shall be final and binding on the parties and any award of the Arbitrator(s) may be entered and enforced as a final judgment in any state or federal court of competent jurisdiction in the United States." (*Id.*, ¶ 15.3.2). Further, "The party(ies) determined by the Arbitrator(s) to be the prevailing party(ies) shall be entitled to recover from the non-prevailing party(ies) any and all costs and expenses arising from an Arbitration hereunder, including . . . administrative fees, and all other fees involved (including but not limited to reasonable attorney fees of the prevailing party(ies)) . . . ." (*Id.*, ¶ 15.3.3.)

On August 27, 2008, Plaintiff initiated arbitration against Defendant as a result of Defendant's alleged violations of the Retailer Agreement. The violations included the submission of false and misleading information to Plaintiff for the purpose of making

2

current or former DISH Network customers appear as if they were new customers so that Defendant would qualify for certain incentive payments. As a result of Defendant's conduct, Defendant acquired $42,466.71 worth of incentives from Plaintiff.

The arbitration was held on August 18, 2009, in Denver, Colorado. Despite receipt of all arbitration-related correspondence, motions, and discovery materials, Defendant chose not to participate in any phase of the arbitration proceedings.

On September 14, 2009, the Arbitrator awarded relief in Plaintiff's favor. In pertinent part, the Arbitrator found as follows:

> 6) The agreement expressly prohibited [Defendant] from falsifying information provided to [Plaintiff] relative to the subscribers of Dish Network programming originated by [Defendant]. In pertinent part, the agreement prohibited Respondent from so falsifying subscriber information in order to falsely qualify for greater inventive payments from [Plaintiff].
>
> 12) [Defendant] has, by virtue of these facts, breached the agreement and the implied covenant of good faith and fair dealing inherent within the agreement. Further, [Defendant's] collection of incentive payments from [Plaintiff] based upon the communication of false information constitutes an unjust enrichment of [Defendant]. These all provide sufficient bases for [Plaintiff's] recovery.
>
> 16) [Plaintiff] has met its burden and has proved its case, except as noted above, based upon the documents, arguments and testimony provided to the arbitrator. [Plaintiff] is found to be the prevailing party.
>
> 17) [Plaintiff's] Attorney's fees and costs in the amount of $40,466.71 are found to be reasonable in this arbitration . . . .

(Doc. # 1-3 at 2-3.)

On September 14, 2009, based, in part, on the above findings, the Arbitrator rendered an award to Plaintiff, which consisted of $42,058.72 (the balance of incentive payments Plaintiff had made to Defendant based on Defendant's misinformation), $40,466.71 (Plaintiff's arbitration-related attorneys' fees and costs), $4,100.00 (American Arbitration Association's administrative fees), and $2,212.00 (the Arbitrator's fees and expenses) (the "Arbitration Award"). (*Id.* at 3). The Arbitrator directed Defendant to make all payments and "return all confidential and proprietary DISH Network subscriber information, including social security numbers, names, addresses and telephone numbers to [Plaintiff]" within 15 days of the date of the award (*i.e.*, September 14, 2009). (*Id.*) By that same deadline, Defendant was also directed to "remove and destroy all tangible and digital records and copies in all media[ ] . . . in all of [Defendant's] and in all of [Defendant's] third party contractors' records and files." (*Id.*)

As set forth in the instant Application, Defendant "has not complied with the Arbitration Award and has failed to pay the sum awarded to [Plaintiff]." (Doc. # 1, ¶ 18.) Further, Defendant has not responded to the instant Application and has not sought to vacate, modify, or challenge the Arbitration Award.

## II. CONFIRMATION OF ARBITRATION AWARD

Where, as in the instant case, parties to an arbitration have agreed that a court judgment shall be entered upon the issuance of an arbitration award, "at any time within one year after the award is made any party to the arbitration may apply to the court so

specified [in the parties' agreement] for an order confirming the award, and thereupon the court **must** grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 [of the FAA]." 9 U.S.C. § 9 (emphasis added); *see also Hall Street Assocs. L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008). As stated in sections 10 and 11, a court may vacate or modify an arbitration award "upon the application of any party to the arbitration". 9 U.S.C. §§ 9, 10.

In the instant case, neither party has filed an application to vacate or modify the arbitration award. Further, upon review of the Arbitration Award, the Court finds that the Arbitrator's findings and conclusions are sound. Accordingly, Plaintiff's Application (Doc. # 1) is granted.

### III.  CONCLUSION

Accordingly, for the foregoing reasons, IT IS ORDERED THAT Plaintiff Dish Network L.L.C.'s Application to Confirm Arbitration Award (Doc. #1) is GRANTED.

IT IS FURTHER ORDERED THAT the Clerk shall enter judgment in favor of Plaintiff Dish Network L.L.C. and against Defendant JBS Dish, Inc. in the amount of **$88,837.43**, representing $42,058.72 in incentive payments that Defendant had improperly obtained from Plaintiff, $40,466.71 in arbitration-related fees and costs, $4,100.00 in administrative fees, and $2,212.00 in arbitrator-related fees and expenses.

IT IS FURTHER ORDERED THAT this case is DISMISSED upon entry of judgment.

DATED: May   19  , 2010

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge